## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8562 | DATE | 4/13/2004 |
| CASE TITLE | BAKER vs. PACTIV CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (17-1) to strike is denied as moot. Defendant's motion (18-1) for summary judgment is granted. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 1 4 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 25 |
| ✓ | Mail AO 450 form. | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials |

BARRY S. BAKER,

Plaintiff,

v.

No. 02 C 8562
Judge James B. Zagel

PACTIV CORP.,

Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Barry Baker is a current employee of Defendant Pactiv Corporation ("Pactiv"). On August 19, 2002, Baker filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation with respect to his 2002 performance review and raise. After that charge was dismissed by the EEOC, Baker filed this lawsuit. Baker alleges that he was subject to the following adverse employment actions on the basis of his race and on prior lawsuits and charges filed with the EEOC: (1) a worse performance review than was deserved, (2) a lower merit increase than was expected, (3) two false accusations made by co-workers, (4) a failure by Pactiv to discipline the two co-workers who made the false complaints, (5) the posting of an inaccurate schedule by his supervisor, Walter Danko, and (6) the receipt of a counseling e-mail from a manager, Wenxiu SZhao.

Pactiv now moves for summary judgment on all of Baker's discrimination and retaliation claims. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists, I must

25

construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

First, Pactiv argues that Baker's claim relating to the allegedly incorrect schedule posted by Danko in March 2001 is time barred because the incident occurred more than 300 days before Baker filed his EEOC complaint in August 2002. *See Beckel v. Wal-Mart Assoc.*, 301 F.3d 621, 622-24 (7th Cir. 2002). Baker argues that since this claim is closely related to discriminatory action, i.e. the review/merit increase, that did take place within the 300 day period, it is not time barred. However, "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1026-1027 (7th Cir. 2003)(quoting *AMTRAK v. Morgan*, 536 U.S. 101 (2002)). Thus, I find that Baker's claim concerning the incorrect schedule is, in fact, time barred.

Second, Pactiv argues that Baker's claims relating to the alleged false accusations made by two co-workers, the failure of Pactiv to reprimand the co-workers for making false accusations, the posting of the incorrect schedule, and the receipt of a counseling e-mail are barred because they were not raised in or fairly encompassed by Baker's EEOC charge. As a general rule, any discriminatory acts alleged in a federal lawsuit must be contained within the underlying charge of discrimination filed with the EEOC or fairly encompassed within that charge. *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The purpose of

2

this requirement is to give the defendant notice of the factual basis of the discrimination claims and allow the EEOC and the employer the opportunity to settle the dispute. *Id.*

Baker argues that the false complaints, Pactiv's failure to discipline the co-workers for making false complaints, the incorrect schedule, and the counseling e-mail were encompassed by his EEOC complaint because they contributed to his complained of review and merit increase. While a Title VII plaintiff need not allege each and every fact that forms the basis of his complaint, he may only make allegations that are reasonably related to those contained in his EEOC complaint. *Id.* To be considered reasonably related, allegations raised in a lawsuit must "at minimum, describe the *same conduct and implicate the same individuals*" as the conduct and the individuals implicated in the EEOC charge. *Id.* at 500 (emphasis in original).

Baker's claims concerning the false complaints, Pactiv's failure to discipline his co-workers for making those complaints, and the counseling e-mail fail to meet this standard. The claims concerning the allegedly false complaints made by Baker's co-workers, Pactiv's response to those complaints, and the counseling e-mail do not concern the same individuals as those implicated in Baker's EEOC complaint. The only person implicated in the EEOC complaint was Walter Danko, the supervisor responsible for Baker's review and raise. The allegedly false complaints against Baker were made by two co-workers, Reva Schneider and Althea Fikso, and were handled[1] by Pactiv's human resources personnel, none of whom were implicated in the EEOC complaint. The counseling e-mail was sent by Wenxiu Zhang who also was not

---

[1] There is some dispute over whether these complaints were actually made. For the purposes of this motion, I assume they were made by Baker's co-workers and that Pactiv did not formally respond to them.

3

implicated in Baker's EEOC complaint. Accordingly, I find that these claims are barred because they are not contained in or reasonably related to Baker's EEOC complaint.

Third, Pactiv argues that Baker's claims of discrimination and retaliation fail because he cannot establish a *prima facie* case of discrimination and/or retaliation. In the absence of direct evidence of race discrimination and/or retaliation,[2] the plaintiff must establish a *prima facie* case for discrimination and/or retaliation. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case for discrimination, the plaintiff must show that he is a member of a protected class, he suffered an adverse employment action, he was performing his job satisfactorily, and similarly situated employees who were not members of the protected class were treated more favorably. *Id.* Similarly, to establish a *prima facie* case for retaliation, the plaintiff must show that he engaged in a protected activity, he suffered an adverse employment action, and a causal connection existed between the adverse employment action and the protected activity. *Smart v. Ball State Univ.*, 89 F.3d 437, 440 (7th Cir. 1996). Once the plaintiff makes out

---

[2] Baker does not present any direct evidence of discrimination, but he does point to some statements that he believes provide direct evidence of retaliation. These statements are as follows: (1) Danko told Baker in January 2003 "you're doing everything as expected, the only problem I have is that you're continuing to struggle with Pactiv as a company because of the charges you file," (2) Danko told Baker in January 2003 that Baker was a "bitter person" due to his EEOC charges, and (3) Baker told Danko in mid-January 2003 that Reva Schneider made a false complaint against him, and Danko asked Baker whether he was going to file an EEOC complaint. Even if these statements were assumed to be true, they are not direct evidence of retaliation because they were made over a year after the alleged adverse employment action took place. *See Markel v. Bd. of Regents of the Univ. of Wis. Sys.*, 276 F.3d 906, 910 (7th Cir. 2002) (statements made two months prior to the adverse action were not contemporaneous as required by case law and therefore not direct evidence of discrimination); *EEOC v. Outsourcing Solutions, Inc.*, No. 01 C 7037, 2002 U.S. Dist. LEXIS 20541 at *23 (N.D. Ill. Oct. 23, 2002) (In finding that a supervisor's statement that he was not allowed to promote any employees involved in a lawsuit was not direct evidence, the court noted that the alleged statement came two months after the promotion was made).

his *prima facie* case, the burden shifts to the defendant to present a legitimate, non-discriminatory basis for the adverse action. *Cowan v. Glenbrook Sec. Servs.*, 123 F.3d 438, 445 (7th Cir. 1997); *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000). If the defendant is able to do so, the burden shifts back to the plaintiff to establish that the proffered reason is merely a pretext for discrimination and/or retaliation. *Cowan*, 123 F.3d at 445; *Miller*, 203 F.3d at 1007.

To prove his *prima facie* cases for employment discrimination and retaliation Baker must show that he was subject to an adverse employment action. *McDonnell Douglas*, 411 U.S. 792; *Smart*, 89 F.3d 437. Baker admits that the false complaints, Pactiv's failure to discipline his two co-workers for making the false complaints, the posting of an incorrect schedule, and the receipt of a counseling e-mail were not, in and of themselves, adverse employment actions. Baker argues that these instances all contributed to his receipt of a lower than expected merit increase, which he claims did constitute an adverse employment action.[3] Not everything that makes an employee unhappy is an actionable adverse action. *Smart*, 89 F.3d at 441. Only tangible employment actions that cause a significant change in employment status constitute actionable adverse actions. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 753 (1998). Examples of actionable adverse actions include hiring, firing, failing to promote, reassigning with significantly different responsibilities, and a decision causing a significant change in benefits. *Id.* The action must cause a materially adverse change in the terms and conditions of employment that is "more

---

[3] Baker's allegedly poorer than deserved performance review is not, by itself, sufficient to constitute an adverse employment action. *Smart*, 89 F.3d at 442. Thus, I will consider the review, like the other instances, as a factor contributing to the less than expected merit increase.

disruptive than a mere inconvenience or an alteration of job responsibilities." *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993).

Baker's merit increase of 3% was lower than the 5% increase that he had expected. This led to a difference of approximately $920.[4] Essentially, Baker argues that a lesser merit increase should be viewed in the same way as a decrease in wages and should constitute a fundamental change in the terms of his employment. However, the two are fundamentally different. Unlike wages, merit increases are given on a discretionary basis; they are not entitlements. Thus, a lower than expected merit increase did not constitute an adverse employment action. *See Miller*, 203 F.3d at 1006 (decision not to give employee the higher raise she demanded was not an adverse employment action when employee was not automatically entitled to a larger raise); *Rabinovitz v. Pena*, 89 F.3d 482, 488-89 (7th Cir. 1996) (lower performance rating that led to loss of bonus was not an adverse employment action because employee was not automatically entitled to receive a certain bonus); *Speer v. Rand McNally & Co.*, No. 95 C 6269, 1996 U.S. Dist. LEXIS 17071 at *21-22 (N.D. Ill Nov. 14, 1996) (lower performance rating that led to a smaller raise than the employee expected was not a materially adverse employment action because employee was not entitled to a specific raise). Accordingly, I find Baker is unable to establish a *prima facie* case for either employment discrimination or retaliation.

Pactiv also argues that Baker cannot establish a *prima facie* case for discrimination because he cannot show that another similarly situated employee outside the protected class was treated more favorably. *McDonnell Douglas*, 411 U.S. 792. Baker claims that he alone received

---

[4] Baker also claims this difference will be carried forward in any future raises as those raises are given as a percentage of current salary.

a poorer performance review and lower merit increase than was deserved, false and unresponded to complaints, and a counseling e-mail. Baker offers no evidence to support these claim other than to say he "believes" them to be true. Baker does not identify any non-black, non-complaining, similarly situated employees who were treated more favorably. Baker has not identified any non-black, non-complaining employees reporting to Danko who received a better evaluation and raise,[5] any instances where Pactiv disciplined employees for making false complaints, or any instances where an employee had not received counseling e-mails after failing to make what the manager felt was an adequate investigation of a project.[6] Therefore, I find he cannot establish a *prima facie* case for discrimination.

Finally, Pactiv argues that even if Baker could establish a *prima facie* case, his claims would still fail because he cannot establish that Pactiv's actions were a pretext for discrimination or retaliation. Pactiv has offered the following evidence of nondiscriminatory motives for the complained of actions: Pactiv claims the less than desired review/merit increase and the counseling e-mail were based on Baker's job performance, the posting of an incorrect schedule was a mistake, and not reprimanding employees for filing false complaints was standard procedure. To establish pretext, Baker must prove, by a preponderance of the evidence, that the legitimate reasons offered by Pactiv are merely a false pretext for discrimination and/or

---

[5] As for the review/merit increase, Pactiv presents the following evidence that directly rebuts Baker's claims of discriminatory treatment: the white employee under Danko's supervision who received the same 3.0 performance review was given the same 3% merit increase as Baker, and the other black employee under Danko's supervision received the highest performance rating given by Danko of 3.8 and received the highest merit increase of 4.6%.

[6] Baker also complains about an incorrect schedule posted by Danko. It appears that this schedule also affected the other non-black technician working under Danko.

7

retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). Other than his own personal opinion, Baker presents no evidence showing that he deserved either a better performance review or a larger merit increase,[7] that the counseling e-mail was improperly motivated, that the posting of the incorrect schedule was improperly motivated, or that Pactiv's failure to discipline the employees who made false complaints against him was improperly motivated. An employee's self-serving statements, with nothing more, are not enough to overcome a defendant's legitimate explanation for the alleged action. *Hall v. Gary Cmty. Sch. Corp.*, 298 F.3d 672 (7th Cir. 2002). Accordingly, I find that Baker cannot establish that Pactiv's proffered motivations were pretextual.

For the reasons set forth in this opinion, Defendant's Motion for Summary Judgment is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: APR 1 3 2004

---

[7] In fact, the evidence seems to be to the contrary. See Fn. 5. Additionally, Baker admits that prior evaluations made by Danko were fair even though those evaluations were given after Baker filed his first and second charges with the EEOC.